UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

    Plaintiff,

v.                                                               CASE NO. 3:10-cv-810-J-37JBT

PARK SHOPPING, LTD.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Judgment After Default Against Park Shopping, Ltd. ("Motion") (Doc. 26), which was referred to the undersigned.

In the Motion, Plaintiff Norman Hoewischer seeks entry of default judgment against Defendant Park Shopping, Ltd. pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (*Id.*) To date, Defendant has not filed a response; therefore, the Court will treat the Motion as unopposed. However, based on the reasons stated herein, the Motion is due to be **DENIED without prejudice** to filing and serving an amended complaint in compliance with this Order.

In general, the allegations of the Complaint are too conclusory and contain too few facts to support a default judgment. As the Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, "a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" 550 U.S. 544, 555 (2007). The allegations of the Complaint contain little more than "labels and conclusions," and a "formulaic recitation of the elements" of an ADA claim. Plaintiff will be allowed likely one

opportunity to replead the complaint with adequate factual support tailored to this specific case, as opposed to the conclusory allegations that appear to be common to a number of cases Plaintiff has filed in this District.[1]

I.  **Procedural History**

On September 7, 2010, Plaintiff filed this action against Defendant, seeking injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). (Doc. 1.)

Not until May 18, 2011, over eight months after the filing of the Complaint, did Plaintiff finally perfect service of process on Defendant.[2]  (*See* Doc. 19.)  Defendant failed to file a responsive pleading or otherwise appear in the instant case. On August 8, 2011, Plaintiff moved for entry of a clerk's default against Defendant. (Doc. 24.) Accordingly, the Clerk of Court entered a default against Defendant on August 10, 2011. (Doc. 25.) On August 25, 2011, Plaintiff filed the Motion, which is now ripe for

---

[1] To date, Plaintiff has filed approximately 107 similar actions in this District. With the exception of information pertaining to defendants and the barriers Plaintiff has encountered, the language in each Complaint, including the language discussed herein, appears to be substantially identical.

[2] Although Plaintiff filed the Complaint on September 7, 2010 (Doc. 1), he had still not proven service of process or moved for entry of default against Defendant when, on January 10, 2011, the Court ordered Plaintiff to show cause why the case should not be dismissed without prejudice for want of prosecution (Doc. 4). Only after the Court entered that Order to Show Cause did Plaintiff move for entry of default and attempt to prove service of process. (*See* Docs. 5 & 7.) Because Plaintiff had not adequately proven service of process, the Court denied Plaintiff's first motion for entry of default against Defendant. (Doc. 10.) Further, Plaintiff did not adequately prove service of process until filing the June 30, 2011 affidavit of service, which reflects that valid service of process was made on May 18, 2011. (Doc. 19.)

resolution.

II.     **Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* FED. R. CIV. P. 55(a). Second, and in general, after receiving the clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing. *See* FED. R. CIV. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Patray v. Nw. Publ'g., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu*, 515 F.2d at 1206; *see also Patray*, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter of right, and in fact is judicially disfavored"); *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right"). Indeed, a sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions

3

of law." *Id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* FED. R. CIV. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

However, although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

### III. Analysis

"In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that she is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of her disability." *Schiavo ex rel. Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (citation omitted), *aff'd*, 403 F.3d 1289 (11th Cir. 2005). "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is 'readily achievable.'" *Pinero v. 4800 W. Flagler, L.L.C.*, 2011 WL 346082, at *3 (S.D. Fla. Jan. 11, 2011) (citation omitted). "'Readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); *see also Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269 (11th Cir. 2006) (applying the "readily achievable" standard).

Additionally, "[a] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiffs seeking injunctive relief must demonstrate a "real and immediate threat of future injury

by the defendant." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983). "To issue a permanent injunction under the ADA . . . , the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction." *Wilson v. Broward Cnty., Fla.*, 2008 WL 708180, at *1 (S.D. Fla. Mar. 14, 2008).

Although Plaintiff may have alleged the "labels and conclusions" necessary to provide "a formulaic recitation" of the correct elements, allegations of fact are in short supply. The following discussion highlights some of the more serious deficiencies.[3]

**A.    Standing**

In order to satisfy Article III's standing requirements, a plaintiff must demonstrate (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable court ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Furthermore, the injury in fact must be (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. *Id.* at 560. In his Complaint, Plaintiff merely asserts that he has "suffered legal harm and legal injury," that he "suffered direct and indirect harm," and that he was "denied access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility." (Doc. 1.) These conclusions are not supported by any facts from which the Court may infer what Plaintiff's concrete and particularized injuries actually are. The Complaint does not

---

[3] This discussion is not intended to provide an exclusive list of deficiencies. If Plaintiff chooses to replead, he must ensure that all the material allegations of the complaint are well-pled.

even identify the type of facility at issue, much less any particulars about the facility.

Where a plaintiff alleges only that certain barriers "discriminated against" him, denied him "full and equal access," and "personally limited" him, the plaintiff fails to state a claim for relief because the allegations are factually deficient. *See Campbell v. Grady's Bar, Inc.*, 2010 WL 2754328, at *2 (S.D. Fla. July 12, 2010) (granting a motion to dismiss because the court was "left to guess the manner in which Plaintiff suffered alleged discrimination under the ADA"). The same is true in the instant case. The Court simply cannot discern which barriers were actually encountered and tested by Plaintiff, as his Complaint merely states that he "visited the [f]acility, encountered barriers to access at the [f]acility, and engaged and tested those barriers, suffered legal harm and legal injury," and that he "attempted to and has, to the extent possible, accessed the [f]acility, but could not do so because of his disability due to the physical barriers to access." Therefore, despite the list of barriers provided by Plaintiff, the Court cannot discern what injuries Plaintiff actually suffered. Further, the Court cannot determine whether there is a causal connection between any injury and the conduct complained of, or whether any injury can be remedied by a court ruling. For these reasons, Plaintiff has failed to sufficiently allege that he has standing to bring this action, as he has failed to plead sufficient facts regarding the existence of concrete and particularized injuries.

### B. "Readily Achievable"

Plaintiff's Complaint fails to properly allege that the removal of the barriers he

7

encountered at Defendant's facility is "readily achievable." While Plaintiff alleges that "[t]he removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense" (Doc. 1 at 7), Plaintiff fails to allege any facts that would "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Mere recitation of the statutory definition of "readily achievable" is not sufficient to plead that the removal of the challenged barriers is, in fact, "readily achievable." *See id.*

Notably, 42 U.S.C. § 12181(9) includes factors that should be considered when evaluating whether barrier removal is "readily achievable." These are:

> (A) the nature and cost of the action needed under this chapter;
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
> (D) the type of operation or operations of the covered entity, including the composition, structure, and function of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

The Complaint is completely barren of any facts regarding any of these factors. It is necessary for Plaintiff to include well-pleaded allegations of fact that support the

8

conclusion that barrier removal is "readily achievable."[4]  The legal conclusion itself is simply not entitled to an assumption of truth.  See *Iqbal*, 129 S. Ct. at 1951.  Because barrier removal requirements do not apply where removal is not "readily achievable," Plaintiff has failed to state a claim for which relief may be granted.

### C.     Injunctive Relief

Finally, Plaintiff's allegations are insufficient to support the "extraordinary and drastic remedy" of a permanent injunction.  *Wilson*, 2008 WL 708180, at *2 (quoting *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)); *see also Nat'l Airlines, Inc. v. Airline Pilots Ass'n Int'l*, 431 F. Supp. 53, 55 (S.D. Fla. 1976) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights . . . .")

Plaintiff alleges only that he will return to Defendant's facility "in the near future" as both a patron and a "tester."  (Doc. 1.)  While specific dates of return may not be required, "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of 'actual or imminent' injury that our cases require."  *Lujan*, 504 U.S. at 564.  Factors to consider when analyzing the likelihood of actual future injury are "'(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of

---

[4] Plaintiff is reminded of his pleading obligations under Rule 11, including specifically Rule 11(b)(3).

defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant.'" *Fox v. Morris Jupiter Assocs.*, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007) (citations omitted).

In asserting only that he will return to Defendant's undescribed facility at some point in the near future, Plaintiff has failed to allege any facts that tend to show that a threat of future injury is more than speculative. Plaintiff has failed to allege any facts relating to any of the aforementioned factors. The location of Plaintiff's residence is undisclosed, other than it is somewhere in this over three-hundred-mile-long district. None of the other factors is addressed. Because Plaintiff has failed to sufficiently plead that an actual threat of future harm exists, he has failed to state a claim for which the requested relief may be granted.

Furthermore, Plaintiff has also failed to plead all elements necessary to obtain a permanent injunction. Plaintiff's Complaint is silent as to the third and fourth elements required to obtain permanent injunctive relief, which are: (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *See eBay*, 547 U.S. at 391. Such a deficiency also precludes Plaintiff from stating a claim for which the requested relief may be granted. *See Danning*, 572 F.2d at 1388 (stating that claims which are not well-pleaded cannot support a judgment).

IV.     **Conclusion**

Upon review of the bare factual allegations of Plaintiff's Complaint, which are

deemed admitted, the Court concludes that Plaintiff has failed to allege sufficient facts to support a default judgment for the requested relief.[5]  Most notably deficient are the conclusions that  Plaintiff has sustained a concrete and particularized injury, that removal of the barriers at Defendant's facility is "readily achievable," and that there exists a real threat of future harm to Plaintiff.[6]  Thus, Plaintiff has failed to state a claim for relief under the ADA.   However, the Court will allow Plaintiff one additional opportunity to replead and re-serve his complaint.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 26**) is **DENIED without prejudice** to filing an amended complaint in compliance with this Order, **on or before November 1, 2011**.  If an amended complaint is filed, Plaintiff must properly serve it on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure **on or before December 1, 2011**.

2. Failure to comply with this Order may result in a recommendation that the case be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and/or want of prosecution.

---

[5] The Motion and the exhibits filed in support thereof are similarly conclusory. Moreover, even if additional factual details were contained in the Motion, or its exhibits, such factual allegations, although perhaps supportive of the remedy requested, do not substitute for the lack of well-pled allegations in the complaint, because a defaulted defendant is deemed to admit only those well-pled allegations contained in the complaint. *See Nishimatsu*, 515 F.2d at 1206.

[6] Plaintiff also alleges in conclusory fashion that "Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action." (Doc. 1 at 3.) This allegation also merely tracks the statutory language and allows the Court only to speculate what Defendant's actual relationship is to the subject premises.

3. If Plaintiff presents the Clerk of Court with a properly completed summons for service of an amended complaint, the Clerk of Court is **DIRECTED** to sign, seal, and issue said summons. See FED. R. CIV. P. 4(b).

**DONE AND ORDERED** at Jacksonville, Florida, on October 12, 2011.

_Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to: Counsel of Record

Any *Pro se* Parties